FILED
United States Court of Appeals
Tenth Circuit

March 31, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SURINDER SINGH,

      Petitioner,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

      Respondent.

No. 08-9543
(Petition for Review)

---

ORDER AND JUDGMENT[**]

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

An immigration judge (IJ) denied petitioner Surinder Singh's application

for asylum, withholding of removal, and request for protection under the

Convention Against Torture. He appealed to the Board of Immigration Appeals

(BIA). The BIA dismissed his appeal, and he filed the instant petition for review.

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for Michael B. Mukasey as the respondent in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his petition, Mr. Singh does not ask us to review the agency's determination on the merits of his asylum claims. Instead, he argues that the IJ and the BIA should have terminated the removal proceedings against him. He contends that the agency was compelled to terminate proceedings rather than rule on his asylum claims because he was already subject to a prior, final order of exclusion. Since Mr. Singh did not present this argument to the BIA, however, we lack jurisdiction to consider it. We therefore dismiss his petition for review.

## BACKGROUND

### 1. February 5, 1993 Asylum Application

Mr. Singh first attempted to enter this country in August 1992, using the name "Salinder Singh." He was detained by immigration officials at Newark International Airport in New Jersey. He did not have any travel documents with him. He refused to return to his home country of India, claiming that he had been persecuted there by the Indian government due to his membership in a Sikh student group. The Immigration and Naturalization Service (INS) issued an order to show cause charging him with being excludable as an immigrant who was not in possession of a visa. He was then paroled into the United States pending a hearing before an IJ on the merits of his asylum claim.

On February 5, 1993, Mr. Singh filed an asylum application with the Denver Immigration Court, again using the name "Salinder" Singh. In May 1993, an IJ held a hearing on this application and denied it. Mr. Singh was ordered

"excluded and deported from the United States." Admin. R. at 800. On June 9, 1993, his counsel filed a motion to withdraw, stating that to the best of his knowledge and belief, Mr. Singh had left the United States and would not be pursuing an appeal before the BIA.

**2. September 20, 1993 Asylum Application**

Several months later, on September 20, 1993, Mr. Singh, now using the name "Surinder Singh," filed a second asylum application with the INS in San Francisco. In this application, he indicated that he had arrived in the United States at San Ysidro, California, on August 10, 1993. While some of the information in this second application matched that provided in the 1992 application, there were some glaring discrepancies. His list of addresses for the previous five years, for example, did not include any residence in Denver, Colorado, and did not match the information provided on his previous asylum application. Nor did his statement about persecution in India match that provided in his previous application. In fact, his statement described him being arrested and beaten with a leather strap and police sticks in India in September 1992, during a time when he was actually in this country on parole under the name "Salinder" Singh.

The INS denied the asylum claim administratively and issued an order to show cause charging Mr. Singh with deportability as an alien who had entered the United States without inspection. In 1995 proceedings before an IJ in

San Francisco, Mr. Singh admitted the allegations of the order to show cause and conceded deportability. He renewed his application for asylum and withholding of removal.

Subsequent hearings were scheduled in Mr. Singh's case in 1996; 1997; 1999; 2000; 2003; 2004; and 2006. At the October 22, 1996 and March 9, 1999 hearings, both held in San Francisco, Mr. Singh presented testimony consistent with the statements in his second asylum application. Venue was then changed to Denver, and the IJ in Denver decided to hear the testimony again from the beginning. Accordingly, Mr. Singh again presented testimony at the January 12, 2006, hearing concerning his grounds for asylum. His testimony included a description of the alleged incident in September 1992 when he was taken to a police station and beaten. On cross-examination, he denied ever having used a different name than Surinder Singh or having previously applied for asylum.

Counsel for the Department of Homeland Security (DHS) then confronted Mr. Singh with the fact of his previous application and its denial in May 1993, which the DHS had discovered through a fingerprint match. After consulting with his attorney, Mr. Singh admitted that he and Salinder Singh were the same person. He admitted filing the previous application under a different name. He did not testify further but moved to withdraw his current application for asylum.

The IJ entered an order denying the application and finding that Mr. Singh had knowingly made a frivolous application for asylum. The IJ later reversed the

-4-

finding of frivolousness, determining that it had not been established that Mr. Singh had received adequate notice of the consequences of filing a frivolous application. *See* 8 U.S.C. § 1158(d)(6), 1158(d)(4)(A) (prescribing notice of consequences of knowingly filing frivolous asylum application).

Mr. Singh filed a notice of appeal with the BIA. He argued that the removal proceedings that led to the IJ's order of January 12, 2006, were defective or improperly instituted. In a memorandum attached to his notice of appeal, he explained that while the government identified the proceeding as one for "removal" in one of its motions, the IJ's decision had the word "removal" crossed out and "deportation" was handwritten in. Admin. R. at 36-37. He argued that "[g]iven this unusual posture, a real question exists as [to] the propriety of the proceedings conducted in deportation (or removal) proceedings." *Id.* at 37.

Although he indicated in his notice of appeal that he would file an appellate brief, Mr. Singh did not do so. Instead, he filed a motion requesting "a complete transcript of all the hearings held in his proceedings," including those involving his prior asylum application, contending that these were required in order to prepare a brief. *Id.* at 16-17. The BIA subsequently entered a decision (1) affirming the IJ's denial of asylum, based on Mr. Singh's lack of credibility; (2) affirming the denial of relief under the Convention Against Torture and of voluntary departure; (3) denying the request for a transcript; and (4) finding the

claim about confusion between "deportation" and "removal" "completely without merit." *Id.* at 4. It dismissed the appeal.

## ANALYSIS

In this petition for review, Mr. Singh attempts to raise a single issue, which he did not present to the BIA: "Whether the [IJ] and [BIA] erred by ruling on the merits of [Mr. Singh's] asylum application instead of terminating the removal proceedings where [he] was already subject to a final order of exclusion." Pet. Br. at 2. Although he claims in his brief that he raised this issue before the BIA in his notice of appeal, *see id.* at 13 (quoting Admin. R. at 37), it is plain from a reading of the notice of appeal that he did not. The issue he presented to the BIA involved alleged confusion between deportation and removal, rather than his current claim that the prior order of exclusion should act as a bar to subsequent proceedings.

"Failure to exhaust administrative remedies by not first presenting a claim to the BIA deprives this court of jurisdiction to hear it." *Galvez Piñeda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005). Mr. Singh failed to present the sole claim he raises in this petition to the BIA. His petition is therefore DISMISSED for lack of jurisdiction.

Entered for the Court

Deanell Reece Tacha
Circuit Judge